991 F.2d 789
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EDENS TOCCOA PARTNERS-88, Plaintiff-Appellant,
v.
MILLER-SHARPE, INCORPORATED, Defendant & Third Party
Plaintiff-Appellee,
v.
Ohio Casualty Insurance Company; Collins & Wright,
Incorporated; G & S Steel, Inc., Third Party Defendants.
Edens Toccoa Partners-88, Plaintiff-Appellee,
v.
Miller-Sharpe, Incorporated, Defendant & Third Party
Plaintiff-Appellant,
v.
Ohio Casualty Insurance Company; Collins & Wright,
Incorporated; G & S Steel, Inc., Third Party Defendants.
 Nos. 92-1573, 92-1617.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: April 16, 1993
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-90-2181-3-17)
 W. David Spruill, TURNER, PADGET, GRAHAM & LANEY, P.A., for Appellant.
 Louie Franklin Elmore, Neil S. Halrup, OLGETREE, DEAKINS, NASH, SMOAK & STEWART, for Appellee.
 Elbert S. Dorn, TURNER, PADGET, GRAHAM & LANEY, P.A., for Appellant.
 D.S.C.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Edens Toccoa Partners-88 ("Edens"), filed an action for declaratory judgment against Miller-Sharpe, Inc. ("Miller-Sharpe") in state court in South Carolina. Edens sought a determination concerning a balance due Miller-Sharpe on a construction contract and for claimed "extras" from the underlying project. Miller-Sharpe removed the case to the United States District Court for the District of South Carolina. The matter was tried in February and March 1992 and resulted in a jury verdict in favor of the defendant in the amount of $94,017.39.
 
 
 2
 Edens filed motion for judgment notwithstanding the verdict or, alternatively, for a new trial, and for new trial nisi remittitur. MillerSharpe moved for attorney fees and pre-judgment interest. All motions were denied by the district court in rulings from the bench during a hearing held on April 8, 1992. Both parties filed timely appeals from these decisions.*
 
 
 3
 We have reviewed the issues, studied the briefs and the record, and heard oral argument. We agree with the analysis of the district court and affirm on the basis of its reasoning as stated on the record.
 
 AFFIRMED
 
 
 *
 Miller-Sharpe does not contest the denial of attorney fees